**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-20221-Civ-COOKE/TURNOFF**

DAYTONA TOURIST CHARTER
CORPORATION,

      Plaintiff,

v.

BROWARD SERVICES LIMITED, *et al.,*

      Defendants.

_____/

## ORDER GRANTING DEFENDANT BROWARD SERVICES LIMITED'S
## MOTION TO VACATE CLERK'S DEFAULT

THIS MATTER is before me upon Defendant Broward Services Limited's ("Broward")

Motion to Vacate the Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(c)

and 60(b). (ECF No. 37). For the reasons explained in this Order, Defendant's Motion to

Vacate the Clerk's Entry of Default is **GRANTED**.

### I. BACKGROUND

This is product liability action asserting several claims against the product's

manufacturer, dealer, and/or engine manufacturer, including breach of contract, breach of

express warranties, rescission, negligent manufacturing, and strict product liability. Plaintiff

filed its Complaint on January 20, 2012 against Defendants Sea Ray Boats, Inc. ("Sea Ray"),

Broward, and Cummins, Inc.[1] (ECF No. 1).

The Summons and Complaint were served upon Broward, via its registered agent, Citco

BVI Limited ("Citco"), on May 16, 2012. Aff. of Service, ECF No. 33; Def.'s Mot. to Vacate

---

[1] The Defendants, Sea Ray Boats, Inc. and Cummins, Inc., are not at issue in this motion for relief.

Default ¶ 4.  Therefore, Broward's answer or other responsive pleading was due on or before June 6, 2012.  On June 26, 2012, Plaintiff moved the Clerk of Court to enter default against Broward pursuant to Federal Rule of Civil Procedure 55(a) for failure to timely respond to Plaintiff's Complaint or defend the case against it.  (ECF No. 34).  The Clerk of Court entered such order on June 27, 2012.  (ECF No. 35).  On June 29, 2012, I entered an order requiring Plaintiff to file a motion for default judgment and requiring Broward to show cause why a motion for default judgment should not be granted.  (ECF No. 36).

Broward filed the instant Motion to Vacate the Clerk's Entry of Default on July 5, 2012 contending that Citco failed to forward the Summons and Complaint to Broward in accordance with Citco's "standard practice". Def.'s Mot. to Vacate Default ¶ 10.  Thus, Broward was unaware of the service of the Complaint until it received a copy of Plaintiff's Motion for Default from Defendant Sea Ray on June 26, 2012.  *Id.* ¶ 6.  Because of its lack of knowledge of the suit, Broward argues that the entry of default should be vacated because "the order was entered as a result of mistake, inadvertence or excusable neglect on the part of Broward's registered agent, Citco."  *See* Def.'s Mot. Vacate Default at 3-4.  Broward also argues that it acted immediately to rectify the situation when it learned of the existence of the lawsuit.  Further, Broward asserts that no undue delay has occurred, no party will be prejudiced by the vacatur of the Clerk's Default, and it stands prepared to file its answer to the Complaint and otherwise defend against the lawsuit.  *Id.* at 4.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may "set aside an entry of default for good cause…."  Fed. R. Civ. P. 55(c).  "Good cause" is a mutable standard that varies depending on the situation.  *See Compania Interamericana Export-Import, S.A. v. Compania*

*Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).   The standard is "a liberal one-but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951.   To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support its claim for relief.  *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988).

In determining whether good cause exists, courts may consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x. 939, 945 (11th Cir. 2011) (internal quotations and citations omitted).   However, "[i]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.*

Plaintiff does not object to the relief sought by Broward and the resulting vacatur of the Clerk's Default against it.  *See* Pl.'s Notice of Non-Objection, ECF No. 38.

### III. ANALYSIS

It is my practice that if a defendant has a valid defense, the legal system is better served allowing that defendant to present the merits of its case.   Fortunately, the Eleventh Circuit agrees.  *See Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.").

Broward has demonstrated the requisite "good cause" exists to set aside the default against it in this matter.   "Good cause," in the context of a default under Federal Rule of Civil

Procedure 55(c), is not as strict a standard as the related "excusable neglect" used to determine whether the vacatur of a default judgment pursuant to Federal Rule of Civil Procedure 60(b) is warranted. *See, e.g., E.E.O. C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir.1990); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264 (2003).   Whereas I have previously determined that the failure to establish "minimal procedural safeguards" to ensure the receipt of civil actions does not constitute excusable neglect to vacate a default judgment, *see Hensel Phelps Const. Co. v. Drywall Systems Inc. of South Florida*, No. 06-21755-CIV, 2007 WL 2433839, at *2-3 (S.D. Fla. Aug. 22, 2007) (relying upon *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir.1987)), prior to final judgment being entered, good faith reliance on one's registered agent may be sufficient, along with other factors weighed herein, to satisfy the requisite "good cause" to set aside the entry of a clerk's default.   The default in this instance was neither culpable nor willful, but a rudimentary, and at times, costly mistake.   To award Plaintiff a default would unfairly prevent the case from being decided on the merits, which is contrary to the policy in this circuit.

Further, all other factors weigh in favor of vacating the default against Broward.   First and foremost, it is uncontested that no party would suffer any prejudice by setting aside the default. Second, Broward has prepared its answer and affirmative defenses to Plaintiff's Complaint demonstrating that it is prepared to mount a meritorious defense, which overcomes the imposition of default judgment.   Third, if Plaintiff were to seek a default judgment in the full amount of the vessel at issue, it could arguably constitute a significant financial loss to the defaulting party.   Lastly, Broward acted swiftly to address the default.   The same day that Broward was informed by Defendant Sea Ray of the pending lawsuit, Broward began investigating whether service was perfected upon it.   Def.'s Mot. to Vacate Default ¶ 5-6.

Within two days of learning of the Motion for Clerks' Entry of Default, Broward secured legal counsel to defend against the suit. *Id.* ¶ 8. Within one week of retaining counsel, Broward filed its Motion to Vacate the Clerk's Entry of Default with its proposed Answer and Affirmative Defendants to the Complaint. Broward has demonstrated that it responded relatively swiftly to address the default.

## IV. CONCLUSION

Accordingly, Defendant Broward Services Limited's Motion to Vacate the Clerk's Default (ECF No. 37) is **GRANTED**. It is **ORDERED and ADJUDGED** that the Clerk's Default entered against Defendant Broward Services Limited is **VACATED**. Broward Services Limited shall file its answer or responsive pleading to Plaintiff's Complaint within seven (7) days of the date of this order.

**DONE and ORDERED** in chambers at Miami, Florida, this 24TH day of July 2012.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*